IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MICHAEL THORNTON AND GEORGEANA THORNTON, <br>     Plaintiffs, <br><br> v. <br><br> STATE FARM LLOYDS AND RENE RODRIGUEZ, <br>     Defendants. | Civil Action No. 5:23-cv-1476 |

# DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

State Farm Lloyds ("State Farm") files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the following:

### *Procedural Background*

1. On October 25, 2023, Plaintiffs Michael Thornton and Georgeana Thornton filed their Original Petition ("Original Petition") in the 438th Judicial District Court of Bexar County, Texas under Cause No. 2023CI23061 and captioned *Michael Thornton and Georgeana Thornton v. State Farm Lloyds and Rene Rodriguez*.

2. State Farm was served with citation on October 30, 2023, and filed its Original Answer and Affirmative Defenses on November 17, 2023. Defendant Rene Rodriguez ("Rodriguez") was served with process on October 31, 2023. Mr. Rodriguez filed his Original Answer on November 13, 2023. State Farm now timely files this Notice of Removal within thirty (30) days of service of suit. Although consent of an improperly joined defendant is not necessary

for removal, Defendant Rodriguez is in agreement with the removal of this case to Federal Court, as evidenced by his written consent.[1]

### *Nature of the Suit*

3.      This lawsuit involves a dispute over State Farm's handling of Plaintiffs' insurance claim for damages allegedly sustained during a storm at Plaintiffs' property located at 26809 Foggy Meadows, San Antonio, Texas 78260.  Plaintiffs assert causes of action against State Farm for breach of contract, noncompliance with Texas Insurance Code (Unfair Settlement Practices and Prompt Payment of Claims Statute), and breach of the duty of good faith and fair dealing.  Plaintiffs assert a cause of action against Rodriguez for noncompliance with Texas Insurance Code (Unfair Settlement Practices).

### *Basis for Removal*

4.      Removal is proper under 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

A.      **Complete Diversity Exists Among the Proper Parties to this Lawsuit**

5.      Upon information and belief, Plaintiffs were each a citizen of Texas when the Petition was filed, and each continues to be a citizen of Texas.

6.      At the time Plaintiffs' Original Petition was filed in State District Court on October 25, 2023, naming State Farm as Defendant, and as of the date of filing this Notice, State Farm was, and is not, a citizen of the State of Texas for diversity jurisdiction purposes.[2]  State

---

[1] *See* Exhibit D, Declaration of Rene Rodriguez.  Also attached is Exhibit E, Rene Rodriguez' Consent to Removal which will be filed after the Notice of Removal.
[2] *See* Exhibit B, Affidavit of Clint Maas, *see also Royal Ins. Co. of America v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993), *cert. denied*, 114 S. Ct. 1541 (1994) (defining "Lloyds' Plan" insurer).  *See, e.g. Garza v. State Farm Lloyds*, 2013 WL 3439851, at *2 (S.D. Tex. July 8, 2013) ("Therefore, the Court

Farm Lloyds is an association of individual underwriters.[3] State Farm is a "Lloyds Plan" organized under Chapter 941 of the Texas Insurance Code. It consists of an unincorporated association of underwriters who were at the time this action was commenced, and still are, all citizens of Illinois for diversity purposes. *See Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993) (citizenship of unincorporated association determined by citizenship of members). At the time this lawsuit was filed, and all times relevant to determining diversity jurisdiction, all of the underwriters were and are domiciled in Illinois[4]. Specifically, all underwriters are residents of Illinois, employed in Illinois, and are intending to remain domiciled in Illinois during their time as an underwriter for State Farm Lloyds. Thus, for purposes of diversity of citizenship, State Farm is a citizen of Illinois, not a Texas citizen.[5]

7. Upon information and belief, Mr. Rodriguez is, and was at the time of filing of Plaintiffs' Original Petition, a citizen of the State of Texas. However, Mr. Rodriguez has been improperly joined in this action and his Texas citizenship should be disregarded for the purposes of evaluating diversity in this matter. At the time of the events identified in the Petition, Mr. Rodriguez was an Allstate Insurance Agent and maintained offices at 10010 San Pedro Avenue, Suite 345, San Antonio, Texas 78216.[6] At all times relevant to the lawsuit and the events referenced in the lawsuit Mr. Rodriguez had never been to Plaintiffs' property.[7] Furthermore, he was never retained by State Farm to conduct an investigation into any claim being made by the Thorntons in connection with the October 2022 hail/ windstorm damage reference in Plaintiffs'

---

finds that State Farm has sufficiently demonstrated by a preponderance of the evidence that its underwriters are not citizens of Texas. This means State Farm and the Plaintiffs are completely diverse.")
[3] *See* Exhibit B, Affidavit of Clint Maas.
[4] *Id.*
[5] *Id.*
[6] *See* Exhibit D, Declaration of Rene Rodriguez.
[7] *Id.*

Farm Lloyds is an association of individual underwriters.[3] State Farm is a "Lloyds Plan" organized under Chapter 941 of the Texas Insurance Code. It consists of an unincorporated association of underwriters who were at the time this action was commenced, and still are, all citizens of Illinois for diversity purposes. *See Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993) (citizenship of unincorporated association determined by citizenship of members). At the time this lawsuit was filed, and all times relevant to determining diversity jurisdiction, all of the underwriters were and are domiciled in Illinois[4]. Specifically, all underwriters are residents of Illinois, employed in Illinois, and are intending to remain domiciled in Illinois during their time as an underwriter for State Farm Lloyds. Thus, for purposes of diversity of citizenship, State Farm is a citizen of Illinois, not a Texas citizen.[5]

7. Upon information and belief, Mr. Rodriguez is, and was at the time of filing of Plaintiffs' Original Petition, a citizen of the State of Texas. However, Mr. Rodriguez has been improperly joined in this action and his Texas citizenship should be disregarded for the purposes of evaluating diversity in this matter. At the time of the events identified in the Petition, Mr. Rodriguez was an Allstate Insurance Agent and maintained offices at 10010 San Pedro Avenue, Suite 345, San Antonio, Texas 78216.[6] At all times relevant to the lawsuit and the events referenced in the lawsuit Mr. Rodriguez had never been to Plaintiffs' property.[7] Furthermore, he was never retained by State Farm to conduct an investigation into any claim being made by the Thorntons in connection with the October 2022 hail/ windstorm damage reference in Plaintiffs'

---

finds that State Farm has sufficiently demonstrated by a preponderance of the evidence that its underwriters are not citizens of Texas. This means State Farm and the Plaintiffs are completely diverse.")
[3] *See* Exhibit B, Affidavit of Clint Maas.
[4] *Id.*
[5] *Id.*
[6] *See* Exhibit D, Declaration of Rene Rodriguez.
[7] *Id.*

pleadings.[8] Moreover, Mr. Rodriguez was never an assigned adjuster or representative of State Farm nor did he ever handle any aspect of the claim referenced in Plaintiffs' Petition.[9]

8. A defendant may be disregarded as a party for purposes of establishing diversity if the court determines that the joinder is an improper device to defeat diversity jurisdiction and prevent removal. *Madison v. Vintage Pet., Inc.,* 114 F.3d 514 (5th Cir. 1997); *Smallwood v. Illinois Cen. Rail Co.,* 385 F.3d 568, 571 (5th Cir. 2004) *In re Benjamin Moore & Co.,* 318 F.3d 626 (5th Cir. 2002); *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353 (11th Cir. 1996); *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921) (the "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy").

9. Plaintiffs have no viable claims or causes of action against Mr. Rodriguez, as he had no participation in the insurance claims being made by Plaintiffs under their State Farm insurance policy. His joinder should be disregarded for purposes of removal.[10] Consequently, the citizenship of Mr. Rodriguez should be disregarded for the purposes of evaluating diversity in this matter. The doctrine of improper joinder ensures that the presence of improperly joined, non-diverse defendants do not defeat federal removal jurisdiction premised on diversity.

10. A Rule 12(b)(6)-type analysis "necessarily incorporates the federal pleading standard articulated in *Bell Atlantic Corp. v. Twombly*: 'To pass muster under Rule 12(b)(6), [a]

---

[8] *Id.*

[9] *Id.*

[10] Since Mr. Rodriguez is improperly joined, arguably his consent to remove is unnecessary. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (per curium) (finding the consent requirement nonsensical in cases involving alleged improper or fraudulently joined parties); *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) (holding that removing party did not have to obtain consent of allegedly non-diverse co-defendants before removing case because removing party contended that co-defendants had been improperly joined to defeat diversity jurisdiction*).*

complaint must have contained 'enough facts to state a claim to relief that is plausible on its face.'" *Id*. at *3 (quoting *Reece v. U.S. Bank Nat'l Ass'n,* 762 F.3d 422, 424 (5th Cir. 2014) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 547 (U.S. 2007).  Yet the Court need not give credit to conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Id.* at 570. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. (citing 5 C. Wright & A. Miller Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).  "When the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," then the claim has facial plausibility.  *Iqbal*, 556 U.S. at 663.  Texas law is clear that to be liable for alleged violations of the Texas Insurance Code, the adjuster individually must have committed the violation that caused the harm. *Frisby v. Lumberman's Mut. Cas. Co.*, 500 F.Supp.2d 697 (S.D.Tex. 2007).  Any alleged violation of the Insurance Code would be applicable only to State Farm or an adjuster who had specific and direct involvement in the claim investigation.

11.     The claim at issue, no matter how Plaintiff tries to spin it, is whether State Farm owes Plaintiffs any payment under the policy for the claimed loss.  Plaintiffs' claim is for economic losses against State Farm, which are contractual claims.  Further, *a bona fide* dispute as to coverage or the amount of the claim exists, that may preclude Plaintiffs' actions for alleged bad faith and Texas Insurance Code violations.  Therefore, Plaintiffs' assertions against Rodriguez fail to show any likelihood of recovery against Rodriguez, individually.  As such, this court should disregard the citizenship of Rodriguez, and find that removal of this case is proper.

12. Furthermore, Plaintiffs fail to offer factual support for their claims against Rodriguez for which he might be held liable. Rodriguez was not employed by State Farm, but rather, was an agent with Allstate. Rodriguez had no role in adjusting Plaintiffs' insurance claim. Thus, Plaintiffs' cause of action pled against Rodriguez is incongruent and does not support a reasonable inference that Rodriguez could be held individually liable under the Texas Insurance Code.

13. Although his consent is not required, pursuant to U.S.C. § 1446(b)(2)(A), Rene Rodriguez in his declaration and his Notice of Written Consent has provided his consent to Defendant State Farm Lloyds' removal to this Court of the lawsuit.[11]

**B.    The Amount in Controversy Exceeds $75,000.**

14. This Court has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiffs made a pre-suit DTPA demand to State Farm for damages in the sum of $54,586.17 (based on the estimate prepared by Plaintiffs' public adjuster, Tyler Mishoulam) plus attorneys' fees, at that time, of $3,350.00.[12]

15. In addition, in determining the amount in controversy, the court may consider "policy limits and potential attorney's fees, penalties, statutory damages, and punitive damages."[13]

---

[11] *See* Exhibit D and E.
[12] *See* Exhibit C, Plaintiff's DTPA demand letter.
[13] *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages); *see also Waldon v. Stonebridge Life Ins. Co.*, 2013 WL 12090036 (W.D. Tex. Oct. 8, 2013) at *1 (" In ascertaining the amount in controversy, a court may consider policy benefits, potential attorney's

Here, Plaintiffs claim severe weather caused damage to the property that Plaintiffs insured through State Farm.[14] Plaintiffs seeks damages for State Farm's alleged failure to pay what was owed under the terms of Plaintiffs' insurance contract.[15] The Policy at issue for the reported date of loss is a Texas Homeowners Policy with coverage limits of $342,500 for the dwelling, $34,250 for other structures, and $256,875 for personal property.

16.     Plaintiffs seek actual damages and statutory interest penalties.[16] Plaintiffs also seek attorney fees for bringing this suit.[17] Thus, given the plain language of the pleading, and consistent with the amount sought in the Petition, the Policy involved in Plaintiffs' claim, the nature of Plaintiffs' claim, and the types of damages sought, the amount in controversy exceeds the federal jurisdictional minimum of $75,000 required for diversity jurisdiction pursuant to 28 U.S.C. §1332. Based on the Policy's coverage limits, and the damages alleged, it would be legally possible for Plaintiff to obtain a recovery of at least $75,000.00.

### *The Removal is Procedurally Correct*

17.     State Farm was first served with the Original Petition in District Court on October 30, 2023. Therefore, State Farm files this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b)(3).

18.     As required under 28 U.S.C. §1446(b)(2)(A), Rene Rodriguez is in agreement with the removal of this case to Federal Court.[18]

19.     Venue is proper in this district under 28 U.S.C. §1446(a) because this district and

---

fees, as well as penalties, statutory damages, and punitive damages the insurer could be liable for under state law." (citing *St. Paul,* 134 F.3d at 1253)).
[14] *See* Exhibit A, Plaintiffs' Original Petition, ¶¶ 11-12.
[15] *See* Exhibit A, Plaintiffs' Original Petition,. ¶¶ 57-63.
[16] *See* Exhibit A, Plaintiffs' Original Petition, ¶¶ 59-62.
[17] *See* Exhibit A, Plaintiffs' Original Petition, ¶ 63.
[18] *See* Exhibit E, Rodriguez's Consent to Removal.

division embrace the place in which the removed action has been pending, and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this district.

20. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice as Exhibit A.

21. Pursuant to 28 U.S.C. §1446(d), promptly after State Farm files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiffs, the adverse party.

22. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the District Clerk for the 438th Judicial District for Bexar County, Texas, promptly after State Farm files this Notice.

WHEREFORE, Defendant State Farm Lloyds requests that this action be removed from the 438th Judicial District Court of Bexar County, Texas to the United States District Court for the Western District of Texas – San Antonio Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

LINDOW STEPHENS SCHULTZ LLP
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Telephone: (210) 227-2200
Facsimile: (210) 227-4602
dstephens@lsslaw.com
rrabago@lsslaw.com

By: _____

David R. Stephens
State Bar No. 19146100
*Attorney-in-Charge*
Rebecca M. Rábago
State Bar No. 24042442
COUNSEL FOR DEFENDANT STATE FARM LLOYDS

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Western District of Texas – San Antonio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and a copy mailed *via certified mail* on this **29th** day of **November, 2023**, addressed to those who do not receive notice from the Clerk of the Court.

Andrew A. Woellner
Tabatha R. Fuentes
Natalie E. Barden
THE POTTS LAW FIRM, LLP
3737 Buffalo Speedway, Suite 1900
Houston, Texas 77098
awoellner@potts-law.com
tfuentes@potts-law.com
nbarden@potts-law.com

Wallace M. Brylak, Jr.
BRYLAK & ASSOCIATES, L.L.C.
15900 La Cantera Parkway, Suite 19245
San Antonio, Texas 78256
eservice@brylaklaw.com

David R. Stephens / Rebecca M. Rábago